UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAG Aerospace Industries, Inc., | Case No. 2:13-cv-06089-SJO-FFMx |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION;** ~~PROPOSED~~ **ORDER** |
| vs. | |
| B/E Aerospace, Inc., | Judge: James Otero<br>Courtroom: 1 |
| Defendant. | Complaint Filed: August 20, 2013<br>Trial Date: None |
| AND RELATED COUNTERCLAIMS | NOTE CHANGES MADE BY COURT |

**STIPULATED PROTECTIVE ORDER**

1    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public

- 1 -

1  disclosure and use extends only to the limited information or items that are entitled
2  to confidential treatment under the applicable legal principles.  The parties further
3  acknowledge, as set forth in Section 11.4, below, that this Stipulated Protective
4  Order does not entitle them to file confidential information under seal; Civil Local
5  Rule 79-5.1 sets forth the procedures that must be followed and the standards that
6  will be applied when a party seeks permission from the Court to file material under
7  seal.

8  2      DEFINITIONS

9  2.1    Challenging Party:  a Party or Non-Party that challenges the designation of
10        information or items under this Order.

11 2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it
12        is generated, stored or maintained) or tangible things that qualify for
13        protection under Federal Rule of Civil Procedure 26(c).

14 2.3    Counsel (without qualifier):  Outside Counsel of Record and In-house
15        Counsel (as well as their support staff).

16 2.4    Designating Party:  a Party or Non-Party that designates information or items
17        that it produces in disclosures or in responses to discovery as
18        "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
19        EYES ONLY"

20 2.5    Disclosure or Discovery Material:  all items or information, including
21        "CONFIDENTIAL" Information or Items and "HIGHLY CONFIDENTIAL –
22        ATTORNEYS' EYES ONLY" Information or Items as defined herein,
23        regardless of the medium or manner in which it is generated, stored, or
24        maintained (including, among other things, testimony, transcripts, and
25        tangible things), that are produced or generated in disclosures or responses to
26        discovery in this matter.

27 2.6    Expert:  a person with specialized knowledge or experience in a matter
28        pertinent to the litigation who (1) has been retained by a Party or its counsel

1  to serve as an expert witness or as a consultant in this action, (2) is not a
2  current employee of a Party, and (3) at the time of retention, is not anticipated
3  to become an employee of a Party.

4  2.7  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information</u>
5  <u>or Items</u>:  extremely sensitive "Disclosure or Discovery Material," disclosure
6  of which to another Party or Non-Party would create a substantial risk of
7  serious harm that could not be avoided by less restrictive means.  Documents
8  that may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
9  ONLY" may include, for example, marketing, financial, sales, research and
10  development, technical data or information, information concerning future or
11  unreleased products, strategic plans, and other commercially sensitive
12  competitive information.

13  2.8  <u>In-house Counsel</u>:  attorneys who are employees of a party to this action.  In-
14  house Counsel does not include Outside Counsel of Record or any other
15  outside counsel.

16  2.9  <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other
17  legal entity not named as a Party to this action.

18  2.10  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to
19  this action but are retained to represent or advise a party to this action and
20  have appeared in this action on behalf of that party or are employed by a law
21  firm which has appeared on behalf of that party.

22  2.11  <u>Party</u>:  any party to this action, including all of its officers, directors, and
23  employees, as well as any of its consultants, experts, In-house Counsel, and
24  Outside Counsel of Record (and their support staffs) retained for purposes of
25  this lawsuit.

26  2.12  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery
27  Material in this action.

28

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, or document review, collection, and/or production) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and any information copied or extracted therefrom, including all copies, excerpts, summaries, compilations, testimony, conversations, or presentations that disclose, incorporate, or reflect the content of such materials.

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1    5      DESIGNATING PROTECTED MATERIAL

2    5.1     Manner and Timing of Designations.

3        Except as otherwise provided in this Order (*see, e.g.,* second paragraph of

4 section 5.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

5 Material that qualifies for protection under this Order must be clearly so designated

6 before the material is disclosed or produced.

7        Designation in conformity with this Order requires:

8        (a)     for information in documentary form (e.g., paper or electronic

9 documents, but excluding transcripts of depositions or other pretrial or trial

10 proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

12 contains protected material.

13        A Party or Non-Party that makes original documents or materials available for

14 inspection need not designate them for protection until after the inspecting Party has

15 indicated which material it would like copied and produced.  During the inspection

16 and before the designation, all of the material made available for inspection shall be

17 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

18 inspecting Party has identified the documents it wants copied and produced, the

19 Producing Party must determine which documents, or portions thereof, qualify for

20 protection under this Order.  Then, before producing the specified documents, the

21 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

22 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

23 contains Protected Material.

24        (b)     Parties may, at a deposition ~~or hearing~~ or within thirty (30) days after

25 receipt of a deposition ~~or hearing~~ transcript, designate the deposition ~~or hearing~~

26 transcript or any portion thereof as "CONFIDENTIAL" or "HIGHLY

27 CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.  Access

28 to the deposition ~~or hearing~~ transcript so designated shall be limited in accordance

1   with the terms of this Order.  Until expiration of the 30-day period, the entire

2   deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY" information.  **(FFM)**

4         (c)    for information produced in some form other than documentary and for

5   any other tangible items, that the Producing Party affix in a prominent place on the

6   exterior of the container or containers in which the information or item is stored the

7   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8   EYES ONLY".  If only a portion or portions of the information or item warrant

9   protection, the Producing Party, to the extent practicable, shall identify the protected

10   portion(s) and specify the level of protection being asserted.

11   5.2   Inadvertent Failures to Designate.

12         A designation of Protected Material (i.e., "CONFIDENTIAL," or "HIGHLY

13   CONFIDENTIAL – ATTORNEYS' EYES ONLY") may be made at any time.

14   Inadvertent or unintentional production of documents, information or material that

15   has not been designated as Protected Material shall not be deemed a waiver in whole

16   or in part of a claim for confidential treatment.  Any party that inadvertently or

17   unintentionally produces Protected Material without designating it as Protected

18   Material may request destruction or return of that Protected Material by notifying

19   the recipient(s), as soon as reasonably possible after the producing Party becomes

20   aware of the inadvertent or unintentional disclosure, and providing replacement

21   Protected Material that is properly designated.  The recipient(s) shall then destroy or

22   return to the Producing Party (at the Producing Party's option) all copies of the

23   inadvertently or unintentionally produced Protected Materials, and shall mark any

24   documents or materials derived from or based thereon with the designation of the

25   replacement Protected Materials.

26

27

28

6    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges.</u>

Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer.</u>

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 Court days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention.</u>

If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall comply with the procedures of Civil Local Rule 37-2 (and also comply with Civil Local Rule 79-5.1 if applicable) within 15 Court days of the

initial notice of challenge or within 10 Court days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such stipulation must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Challenging Party to make such a motion including the required declaration within 15 Court days (or 10 Court days, if applicable) shall moot any objection previously raised to the confidentiality designation for each challenged designation.  In addition, a Challenging Party may challenge a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any stipulation pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a
2    secure location and in a secure manner that ensures that access to such materials is
3    limited to only those persons authorized under this Order to view such materials.
4    Pages of transcribed deposition testimony or exhibits to depositions that
5    reveal Protected Material must be separately bound by the Court reporter and may
6    not be disclosed to anyone except as permitted under this Stipulated Protective
7    Order.

8    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>

9    Unless otherwise ordered by the Court or permitted in writing by the
10   Designating Party, a Receiving Party may disclose any information or item
11   designated "CONFIDENTIAL" only to:

12   (a)    the Receiving Party's Outside Counsel of Record in this action, as well
13   as (i) employees of said Outside Counsel of Record to whom it is reasonably
14   necessary to disclose the information for this litigation, and (ii) contract attorneys
15   hired by said Outside Counsel of Record to perform document review functions on
16   behalf of and at the direction of said Outside Counsel of Record for purposes of this
17   litigation, who have signed the "Acknowledgment and Agreement to Be Bound"
18   that is attached hereto as Exhibit A;

19   (b)    the officers, directors, and employees (including In-house Counsel) of
20   the Receiving Party to whom disclosure is reasonably necessary for this litigation
21   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
22   A);

23   (c)    Experts (as defined in this Order) of the Receiving Party to whom
24   disclosure is reasonably necessary for this litigation and who have signed the
25   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26   (d)    the Court and its personnel;

27   (e)    Court reporters and their staff, professional jury or trial consultants, and
28   Professional Vendors to whom disclosure is reasonably necessary for this litigation

1  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

2  A);

3         (f)      during their depositions, witnesses in the action to whom disclosure is

4  reasonably necessary and who have signed the "Acknowledgment and Agreement to

5  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

6  by the Court; or

7         (g)      the author or recipient(s) of a document containing the information, to

8  the extent the identities of such author or recipient(s) is apparent from the document

9  itself.

10 7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

11        Information or Items.

12        Unless otherwise ordered by the Court or permitted in writing by the

13 Designating Party, a Receiving Party may disclose any information or item

14 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

15        (a)      the Receiving Party's Outside Counsel of Record in this action, as well

16 as (i) employees of said Outside Counsel of Record to whom it is reasonably

17 necessary to disclose the information for this litigation, and (ii) contract attorneys

18 hired by said Outside Counsel of Record to perform document review functions on

19 behalf of and at the direction of said Outside Counsel of Record for purposes of this

20 litigation, who have signed the "Acknowledgment and Agreement to Be Bound"

21 that is attached hereto as Exhibit A;

22        (b)      Experts of the Receiving Party (1) to whom disclosure is reasonably

23 necessary for this litigation, (2) who have signed the "Acknowledgment and

24 Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

25 paragraph 7.4(a)(2), below, have been followed;

26        (c)      the Court and its personnel;

27        (d)      Court reporters and their staff, professional jury or trial consultants,

28 mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient(s) of a document containing the information, to the extent the identities of such author or recipient(s) is apparent from the document itself.

7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of Court) any litigation in connection with which the Expert has offered expert testimony,

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1   including through a declaration, report, or testimony at a deposition or trial, during

2   the preceding five years.

3        (b)    A Party that makes a request and provides the information specified in

4   the preceding respective paragraphs may disclose the subject Protected Material to

5   the identified Expert unless, within 6 Court  days of delivering the request, the Party

6   receives a written objection from the Designating Party.  Any such objection must

7   set forth in detail the grounds on which it is based.

8        (c)    A Party that receives a timely written objection must meet and confer

9   with the Designating Party (through direct voice to voice dialogue) to try to resolve

10   the matter by agreement within 5 Court days of the written objection.  If no

11   agreement is reached, the Party seeking the disclosure to the Expert shall comply

12   with the procedures of Civil Local Rule 37-2 (and also comply with Civil Local

13   Rule 79-5.1 if applicable) seeking permission from the Court to do so.  Any such

14   motion must describe the circumstances with specificity, set forth in detail the

15   reasons why the disclosure to the Expert is reasonably necessary, assess the risk of

16   harm that the disclosure would entail, and suggest any additional means that could

17   be used to reduce that risk.  In addition, any such motion must be accompanied by a

18   competent declaration describing the parties' efforts to resolve the matter by

19   agreement (i.e., the extent and the content of the meet and confer discussions) and

20   setting forth the reasons advanced by the Designating Party for its refusal to approve

21   the disclosure.

22       In any such proceeding, the Party opposing disclosure to the Expert shall bear

23   the burden of proving that the risk of harm that the disclosure would entail (under

24   the safeguards proposed) outweighs the Receiving Party's need to disclose the

25   Protected Material to its Expert.

26

27

28

8      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION

       (a)     The terms of this Order are applicable to information produced by a
Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by
Non-Parties in connection with this litigation is protected by the remedies and relief
provided by this Order.  Nothing in these provisions should be construed as
prohibiting a Non-Party from seeking additional protections.

       (b)     In the event that a Party is required, by a valid discovery request, to
produce a Non-Party's confidential information in its possession, and the Party is
subject to an agreement with the Non-Party not to produce the Non-Party's
confidential information, then the Party shall:

              1.      promptly notify in writing the Requesting Party and the Non-
Party that some or all of the information requested is subject to a confidentiality
agreement with a Non-Party;

              2.      promptly provide the Non-Party with a copy of this Order, the
relevant discovery request(s), and a reasonably specific description of the
information requested; and

              3.      make the information requested available for inspection by the
Non-Party.

       (c)     If the Non-Party objects to the production of the Non-Party's
confidential information, the Receiving Party shall promptly inform the Requesting
Party of the Non-Party's objection.  The Requesting Party may within ten (10) Court
days thereafter move the Court to compel the production of such confidential
information withheld from the other Party on the basis of the Non-Party's objection.

9      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10      THE PARTIES' OBLIGATIONS UPON LEARNING OF PRODUCTION
        OR DISCLOSURE OF PRIVILEGED INFORMATION

The production or disclosure of any information (including documents) in this action that a Producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection.  A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.  If a Receiving Party receives information that the receiving party believes may be subject to a claim of privilege or protection from discovery, the receiving party shall promptly identify the information to the Producing Party.

When a Producing Party or receiving party identifies such privileged or protected information, a receiving party:  1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving party disclosed the information; 3) shall within five (5) Court days of the Producing Party's request return to the Producing Party or destroy the information and destroy all copies thereof; and 4) shall confirm to the Producing Party the destruction under 3) above of all copies of the information not returned to the Producing Party.  No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived.  Within ten (10) Court days after a

1  Producing Party or receiving party identifies the information, and not thereafter, the

2  receiving party may file a motion to compel the production of the information on the

3  basis that:  (a) the information was never privileged or protected from disclosure; or

4  (b) any applicable privilege or immunity has been waived by some act other than the

5  production of the information in this action.  The Producing Party and the receiving

6  party shall meet and confer in accordance with applicable law or Court rules

7  regarding any such motion to compel.  Notwithstanding this provision, no party

8  shall be required to return or destroy any information that may exist on any disaster

9  recovery backup system.

10  11      MISCELLANEOUS

11  11.1    Right to Further Relief.

12          Nothing in this Order abridges the right of any person to seek its modification

13  by the Court in the future.

14  11.2    Right to Assert Other Objections.

15          By stipulating to the entry of this Protective Order no Party waives any right

16  it otherwise would have to object to disclosing or producing any information or item

17  on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party

18  waives any right to object on any ground to the use in evidence of any of the

19  material covered by this Protective Order.

20  11.3    Export Control.

21          Disclosure of Protected Material shall be subject to all applicable laws and

22  regulations relating to the export of technical data contained in such Protected

23  Material, including the release of such technical data to foreign persons or nationals

24  in the United States or elsewhere.  The Producing Party shall be responsible for

25  identifying any such controlled technical data, and the Receiving Party shall take

26  measures necessary to ensure compliance.

27

28

1   11.4   <u>Filing Protected Material.</u>

2         Without written permission from the Designating Party or a Court order

3   secured after appropriate notice to all interested persons, a Party may not file in the

4   public record in this action any Protected Material.  A Party that seeks to file under

5   seal any Protected Material must comply with Civil Local Rule 79-5.1.  Protected

6   Material may only be filed under seal pursuant to a Court order authorizing the

7   sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-

8   5.1, a sealing order will issue only upon a request establishing that the Protected

9   Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

10   protection under the law.

11   11.5   <u>Documents Already in Party's Possession.</u>

12         Nothing in this Order by itself grants a Party the right to have, use or refer to

13   documents received independently from this lawsuit.  Nothing in this Order affects a

14   Party's existing rights, if any, to use or refer to documents in its possession and

15   received independently from this lawsuit.

16   12   FINAL DISPOSITION

17         Within 60 days after the later of:  1) dismissal of all claims and defenses in

18   this action, with or without prejudice; or 2) final judgment herein after the

19   completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

20   this action, including the time limits for filing any motions or applications for

21   extension of time pursuant to applicable law, each Party and Non-Party must return

22   all materials designated by any other producing Party or Non-Party under this Order

23   to the producing Party or Non-Party, or destroy such material, including all copies

24   thereof, and provide to the producing Party or Non-Party a written certification of

25   compliance with this provision.  Notwithstanding this provision, outside counsel for

26   a Party or Non-Party are entitled to retain archival copies of all pleadings, filings, or

27   other documents served by or on any party, trial, deposition, and hearing transcripts,

28   legal memoranda, correspondence, expert reports, attorney work product, and

consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

**13.    THIRD PARTY SUBPOENA OR ORDER**

**If a party to whom "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order. It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. The party subject to the subpoena or order shall not produce any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

Upon review of the Stipulated Protective Order Regarding Confidential Information, and good cause appearing therefore, IT IS SO ORDERED.

DATED: April 8, 2014

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

## EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of 2:13-cv-06089-SJO-FFM.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                              [printed name]

Signature: _____
                        [signature]