UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 13-06089 SJO (FFMx)     **DATE:** May 28, 2014

**TITLE:** MAG Aerospace Industries Inc. v. B/E Aerospace Inc.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz     Not Present
Courtroom Clerk     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**     **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present     Not Present

========================================================================
**PROCEEDINGS (in chambers): MINUTE ORDER**

In the Joint Claim Construction Statement ("Joint Statement," ECF No. 45) filed on May 9, 2014, Plaintiff MAG Aerospace Industries, Inc. ("Plaintiff") and Defendant B/E Aerospace, Inc. ("Defendant") dispute whether, in its claim construction briefing, Defendant may rely on declaration evidence from one or more of the individuals named as inventors on U.S. Patent Nos. 6,353,942; 6,536,054; and 6,536,055 (the "Asserted Patents"). The parties have agreed to follow the Northern District of California Local Patent Rules ("PLR") (Joint Statement 3, 5), which state:

> At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all . . . testimony of percipient and expert witnesses. . . . With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

PLR 4-2. Defendant claims that by disclosing to Plaintiff that it may rely on inventor testimony and that the inventors had "[i]nformation regarding the [Asserted Patents], including the meaning of various terms," it has satisfied this requirement. (Joint Statement 3-4.)

The Court disagrees. Defendant has neither identified the specific inventors, nor described with any specificity "the substance of [the inventors'] proposed testimony." PLR 4-2. Defendant's disclosure is no disclosure at all. Thus, Defendant may not rely on inventor declaratory testimony in its claim construction briefing or at the claim construction hearing scheduled for July 2, 2014. In the future, the Court expects the parties to comply with the rules in earnest.

IT IS SO ORDERED.