1 | IRELL & MANELLA LLP
Morgan Chu (70466)
2 | MChu@irell.com
Andrei Iancu (184973)
3 | AIancu@irell.com
Ben Haber (287085)
4 | BHaber@irell.com
1800 Avenue of the Stars, Suite 900
5 | Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
6 | Facsimile:    (310) 203-7199
7 |
8 | Attorneys for Defendant

9 |                UNITED STATES DISTRICT COURT

10 |               CENTRAL DISTRICT OF CALIFORNIA

11 | MAG Aerospace Industries, Inc.,      )   Case No. 2:13-cv-06089-SJO-FFM
                                          )
12 |                      Plaintiff,       )
                                          )   **B/E'S SUPPLEMENTAL**
13 |                                       )   **MEMORANDUM IN OPPOSITION**
          vs.                             )   **TO MAG'S MOTION TO COMPEL**
14 |                                       )   **INSPECTION, DEPOSITION OF**
                                          )   **WERNER LIEBERHERR, AND**
15 | B/E Aerospace, Inc.,                  )   **SUPPLEMENTAL DISCOVERY**
                                          )   **RESPONSES AND PRODUCTION**
16 |                      Defendant.       )   **OF DOCUMENTS**
17 | _____)
                                          )   Judge:        Hon. James Otero
18 | AND RELATED COUNTERCLAIMS )   Courtroom:   1
                                          )
19 |                                           Complaint Filed:   August 20, 2013
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1  Pursuant to Local Rule 37-2.3, Defendant B/E Aerospace, Inc. ("B/E") hereby

2  submits its supplemental memorandum in opposition to the Motion to Compel

3  Inspection, Deposition of Werner Lieberherr, and Supplemental Discovery

4  Responses and Production of Documents ("Motion"), Docket No. 101, filed by

5  Plaintiff MAG Aerospace Industries, Inc. ("MAG").

6  **I.**　　**INTRODUCTION**

7  MAG persists in burdening B/E with frivolous motions and unduly

8  burdensome discovery demands, in pursuit of some perceived tactical benefit.

9  MAG's first motion to compel, filed on August 1, 2015, was based entirely on moot

10  or invented controversies.  MAG's instant motion is likewise a tactical effort to sap

11  B/E's time and resources.  Worse, by seeking at this late date to expand the part

12  numbers accused of infringement, in violation of the Patent Local Rules applicable

13  to this case, MAG seeks to prejudice B/E by expanding the scope of the litigation.

14  MAG's maneuver is akin to moving the goalposts in the last minute of the game.

15  The Court should deny MAG's motion.

16  **II.**　　**MAG'S DEMANDS ARE UNTIMELY AND INAPPROPRIATE**

17  　　　　A.　　MAG's Untimely Demand to Accuse Additional Part Numbers Would

18  　　　　　　Dramatically and Inappropriately Expand the Scope of the Litigation

19  The Patent Local Rules for the Northern District of California ("PLR"), which

20  the parties agreed would govern this case, require the plaintiff to serve infringement

21  contentions identifying the accused products "by name or model number, if known."

22  PLR 3-1(b). The purpose of infringement contentions is "to require the party

23  claiming infringement to crystallize its theories of the case early in the litigation and

24  to adhere to those theories once disclosed." *Shared Memory Graphics LLC v. Apple,*

25  *Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010). MAG did not timely

26  "crystallize" its theory of infringement against B/E, even though MAG has known

27  since May of the products it now belatedly seeks to add to case.

28

1    B/E wanted to understand which products MAG was targeting, and so B/E
2    propounded an interrogatory on February 19, 2014, seeking the identity of the
3    accused products by "name, model, or other identifying code." Dkt. No. 103, Ex. C.
4    MAG did not adequately respond to that interrogatory because MAG merely
5    incorporated by reference its deficient preliminary infringement contentions; it
6    never accused any specific products as requested by B/E, and as required by PLR 3-
7    1(b).Without any concrete identification of which products were "accused," B/E
8    identified the part numbers of its EcoSystems and Agile vacuum toilets, which had
9    been identified as "accused products" in MAG's discovery requests to B/E. Dkt. No.
10   103, Ex. D, F. MAG never pointed out any inadequacy in B/E's response to
11   Interrogatory 3, and the parties have been working for months under the shared
12   understanding that these part numbers represent the universe of accused products.

13   Now, on the eve of the close of fact discovery, MAG demands significant
14   new discovery regarding products it never previously accused. MAG had months to
15   define the contours of its case and seek discovery from B/E. In response to another
16   of MAG's interrogatories, B/E specifically pointed to sales invoices for all of B/E's
17   toilets, including those part numbers MAG belatedly seeks to add to the case. Dkt.
18   No. 103, Ex. G-J. MAG knew technical and sales details of these toilets since May,
19   and never sought, until now, to accuse those products.

20   Certainly, there was no "misleading" conduct by B/E. Rather, MAG served
21   two Interrogatories (3 and 12) that were substantially overlapping in scope and just
22   plain confusing. Haber Decl. Ex. A, at 6; Haber Decl. Ex. B, at 6. B/E met and
23   conferred with MAG seeking clarification on the information sought by
24   Interrogatory 12 as opposed to Interrogatory 3. Haber Decl. ¶ 6. B/E also asked for
25   clarification on the relevance of toilet part numbers that were not accused of
26   infringement. *Id.* ¶ 8. MAG's counsel explained that such additional part numbers
27   may be relevant, for example, to damages issues. *Id*. With these clarifications, B/E
28   agreed to perform a reasonable investigation and supplement its response to

- 2 -

1  Interrogatory 12, which it did. Haber Decl. Ex. C, at 8. There is simply nothing
2  "misleading" about B/E's on-going efforts to understand and comply with MAG's
3  cumbersome discovery demands.

4      It is far too late for MAG to add entirely new accused products to the
5  litigation. B/E has already provided complete discovery on the accused products
6  using the definition that MAG shared until just recently. MAG should not demand a
7  "do over" of discovery at this stage. MAG chose not to disclose any contentions
8  regarding these new products until the last minute, and it has no credible explanation
9  for its long delay.

10      B.    MAG's Demand to Depose Werner Lieberherr Is Inappropriate

11      As fact discovery rapidly draws to a close, MAG would like to squeeze in a
12  harassing "apex deposition" of Werner Lieberherr, the President and co-CEO of all
13  of B/E Aerospace, Inc. Because such "apex depositions" can cause serious
14  disruption to a business (which appears to be MAG's purpose here),courts in this
15  district have refused to compel them without first considering "whether the
16  deponent has *unique first-hand, nonrepetitive knowledge* of the facts at issue in the
17  case" and "whether the party seeking the deposition has exhausted other less
18  intrusive discovery methods." *K.C.R. v. Cty. Of Los Angeles*, No. 13-3806, 2014
19  WL 3434257, at *3 (C.D. Cal. July 11, 2014) (internal citations omitted) (emphasis
20  added).

21      MAG has not identified any unique and relevant information that it expects to
22  obtain from Mr. Lieberherr. MAG weakly claims that he "has unique knowledge
23  concerning 'all major aspects of the company's commercial aircraft business,'"
24  citing to testimony rendered in another lawsuit regarding a completely different
25  product and business segment, Dkt. No. 102, at 28, or to emails on which Mr.
26  Lieberherr was copied, Dkt. No. 108, at 4. MAG cannot explain what *unique*
27  knowledge it believes Mr. Lieberherr to possess that cannot be obtained from the
28  deposition of another B/E employee – such as any of the *other* B/E employees

1  copied on the emails in question, many of whom already have been deposed or will

2  be deposed soon. MAG's request can and should be denied on this basis.

3      We also note that, here again, MAG delayed until the last minute in seeking

4  this discovery. MAG surely knew that a deposition of B/E's CEO would be a

5  contentious proposition, and that Mr. Lieberherr would have a busy and difficult

6  schedule to accommodate. But rather than raise the issue early in discovery and seek

7  resolution through the meet-and-confer process, MAG waited until the last minute.

8      C.    B/E Has Fully Responded to MAG's Other Discovery Requests

9      MAG wants supplemental responses on no fewer than six responses for

10 production and two interrogatories covering a range of financial and technical

11 subjects. This is simply a harassing litigation tactic, because B/E has already

12 provided full discovery on each of the identified interrogatories and requests for

13 production. As B/E explained in the Joint Stipulation on this Motion, Dkt. No. 102,

14 MAG's demands largely seek privileged documents, documents excluded from the

15 scope of the requests by the previous agreement of the parties, documents that have

16 already been produced, or documents that simply do not exist.  (MAG's complaint

17 regarding privilege logs, for example, is inexplicable considering that the parties

18 reached agreement just yesterday on their exchange.)

19 **III.   MAG IS NOT ENTITLED TO SANCTIONS**

20     For months, the parties have worked under the assumption that the products

21 accused in this case were the EcoSystems and Agile vacuum toilets. Those products,

22 and no others, were identified by MAG in its definition of "Accused Products" in its

23 discovery requests. Dkt. No. 103, Ex. F. MAG now seeks sanctions because MAG

24 failed properly and timely to identify certain products that MAG now wishes to

25 accuse of infringement, and MAG failed diligently to seek discovery on those

26 products. None of MAG's conduct is attributable to B/E. Until recently both parties

27 shared the common understanding that the accused products are those contained in

28 B/E's response to Interrogatory 3. B/E provided full discovery on those products.

- 4 -

1  MAG never complained about B/E's response to Interrogatory 3. None of this

2  warrants sanctions against B/E.

3      MAG also complains that B/E's document production has been slow. This

4  claim badly mischaracterizes the course of discovery in this case. Both parties have

5  been engaged in rolling productions throughout the discovery process. MAG has

6  been producing new documents for B/E frequently, including a production of 122

7  documents made today, August 15, 2014, which includes numerous documents

8  relevant to a deposition scheduled for August 19, 2014. Exhibit D to the Haber

9  Declaration summarizes MAG's many recent document productions. MAG cannot

10 characterize B/E's productions as slow or untimely when MAG's own productions

11 are "rolling" in on an almost daily basis. B/E has done nothing to justify the

12 imposition of sanctions..

13 **IV.   CONCLUSION**

14     The instant Motion is a hodgepodge of untimely and burdensome demands

15 that MAG presumably has made for some perceived litigation advantage. With two

16 weeks remaining in fact discovery, MAG seeks to add entirely new accused

17 products to the litigation, depose B/E's top executive, and force B/E to respond to an

18 array of unnecessary supplemental demands, depositions, and inspections. B/E has

19 already provided proper discovery over the past several months and should not be

20 required to start the process from scratch with so little time remaining, especially in

21 light of MAG's utter lack of diligence. B/E respectfully requests that MAG's

22 Motion be denied.

23

24 Dated:  August 15, 2014          IRELL & MANELLA LLP

25

26                          By: */s/ Melissa Sedrish Rabbani*

27                              Melissa Sedrish Rabbani
                                Attorneys for Defendant
28                              B/E Aerospace, Inc.

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on August 15, 2014, I caused a copy of the foregoing Supplemental Memorandum to be served upon the following counsel of record:

**Erwin Lee Cena**
Kilpatrick Townsend and Stockton LLP
Suite 400 12730 High Bluff Drive
San Diego, CA 92130
858-350-6162
858-350-6111 (fax)
ecena@kilpatricktownsend.com

**Emil W Herich**
Kilpatrick Townsend and Stockton LLP
9720 Wilshire Boulevard Penthouse Suite
Beverly Hills, CA 90212-2018
310-248-3830
310-860-0363 (fax)
eherich@kmwlaw.com

**Steven David Moore**
Kilpatrick Townsend and Stockton LLP
Two Embarcadero Center 8th Floor
San Francisco, CA 94111
415-576-0200
415-576-0300 (fax)
smoore@kilpatricktownsend.com

Dated:   August 15, 2014                IRELL & MANELLA LLP


                                        By: */s/ Melissa Sedrish Rabbani*
                                            Melissa Sedrish Rabbani
                                            Attorneys for Defendant
                                            B/E Aerospace, Inc.

3114455