# EXHIBIT A

**MAG AEROSPACE INDUSTRIES, INC.**
**v.**
**B/E AEROSPACE, INC.**

Case No. 2:13-cv-06089-SJO-FFM

DECLARATION OF MATTHEW C. HOLOHAN IN SUPPORT OF MAG'S *EX PARTE* APPLICATION TO COMPEL DEPOSITION

1  KILPATRICK TOWNSEND & STOCKTON LLP
   Emil W. Herich (SBN 116783)
2  eherich@kilpatricktownsend.com
   9720 Wilshire Blvd.
3  Los Angeles, CA  90212
   Telephone: (310) 777-3730
4  Facsimile:  (310) 388-5364

5  KILPATRICK TOWNSEND & STOCKTON LLP
   Steven D. Moore (SBN 290875)
6  smoore@kilpatricktownsend.com
   Eighth Floor, Two Embarcadero Center
7  San Francisco, CA  94111
   Telephone: (415) 273-4741
8  Facsimile:  (415) 651-8510

9  KILPATRICK TOWNSEND & STOCKTON LLP
   Megan M. Chung (SBN 232044)
10 mchung@kilpatricktownsend.com
   Erwin L. Cena (SBN 272960)
11 ecena@kilpatricktownsend.com
   12730 High Bluff Drive, Suite 400
12 San Diego, CA  92130
   Telephone: (858) 350-6162
13 Facsimile:  (858) 350-6111

14 KILPATRICK TOWNSEND & STOCKTON LLP
   William E. Mosley (SBN 280495)
15 wmosley@kilpatricktownsend.com
   1080 Marsh Road
16 Menlo Park, CA  94025
   Telephone: (650) 326-2400
17 Facsimile:  (858) 326-2422

18 ***Attorneys for Plaintiff***
   *MAG Aerospace Industries, Inc.*
19
                  UNITED STATES DISTRICT COURT
20
                  CENTRAL DISTRICT OF CALIFORNIA
21
                       WESTERN DIVISION
22

23 MAG AEROSPACE INDUSTRIES,         CASE NO. 2:13-cv-06089-SJO-FFM
   INC., a Delaware Corporation
24                                   **MAG AEROSPACE INDUSTRIES,**
              Plaintiff,             **INC.'S AMENDED NOTICE OF**
25                                   **TAKING RULE 30(b)(6)**
   v.                                **DEPOSITION OF B/E**
26                                   **AEROSPACE, INC.**
   B/E AEROSPACE, INC., a Florida
27 Corporation,
                                     **Judge: The Hon. S. James Otero**
28            Defendant.             **Courtroom: 1, 2nd Floor**

---

AMENDED NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF B/E. - CASE NO. 2:13-cv-06089-SJO-FFM  1

1       PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules

2   of Civil Procedure, Plaintiff MAG Aerospace Industries, Inc. ("MAG") will take

3   the deposition upon oral examination of Defendant B/E Aerospace, Inc., ("B/E")

4   before an officer authorized by law to administer oaths.  The deposition will

5   commence on August 13, 2014 at 9:00 AM or at a date and time to be mutually

6   agreed upon by counsel for both parties, and will continue from day-to-day

7   (excluding Saturdays, Sundays, and holidays) until completed or adjourned,

8   consistent with the Federal Rules of Civil Procedure.

9       The deposition shall take place at the offices of Irell & Manella LLP, 1800

10  Avenue of the Stars, Suite 900, Los Angeles, CA 90067, and will be recorded on

11  videotape and by real time transcription service, as well as by stenographic means.

12  The deposition is being taken for purposes of discovery, use at trial, and any other

13  purpose permitted by the Federal Rules of Civil Procedure and the Federal Rules of

14  Evidence.  MAG reserves the right to use the written transcript or video as evidence

15  in the trial of this matter.

16      Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, B/E is

17  directed to designate one or more of its officers, directors, managing agents, or

18  other persons who are most qualified, knowledgeable, and competent to testify on

19  its behalf regarding the topics identified in **Attachment A** hereto.  B/E is requested

20  to identify each person so designated and set forth the matters on which that person

21  will testify at least five (5) business days prior to the deposition.

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | DATED: August 8, 2014 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By:  */s/ William E. Mosley*
Steven D. Moore (SBN 290875)
smoore@kilpatricktownsend.com
Eighth Floor, Two Embarcadero Center
San Francisco, CA  94111
Telephone: (415) 273-4741
Facsimile:  (415) 651-8510

Megan M. Chung (SBN 232044)
mchung@kilpatricktownsend.com
Erwin L. Cena (SBN 272960)
ecena@kilpatricktownsend.com
12730 High Bluff Drive, Suite 400
San Diego, CA  92130
Telephone: (858) 350-6162
Facsimile:  (858) 350-6111

Emil W. Herich (SBN 116783)
eherich@kilpatricktownsend.com
9720 Wilshire Blvd.
Los Angeles, CA  90212
Telephone: (310) 777-3730
Facsimile:  (310) 388-5364

William E. Mosley (SBN 280495)
wmosley@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 326-2400
Facsimile:  (858) 326-2422

*Attorneys for Plaintiff*
*MAG Aerospace Industries, Inc.*

**ATTACHMENT A**

**DEFINITIONS**

1.    "ANY" as used herein shall mean any and all.

2.    "ACCUSED PRODUCT(S)" as used herein refers to the B/E vacuum toilets identified in Plaintiff's Complaint, Plaintiff's Infringement Contentions, B/E's discovery responses, and B/E's Answer and Counterclaims filed on November 21, 2013 ("ANSWER AND COUNTERCLAIMS"), including, but not limited to, the EcoSystems Vacuum Toilet and Agile Advanced Vacuum Toilet.

3.    "ACCUSED METHODS" as used herein refers to the maintenance, service, and/or repair of the ACCUSED PRODUCTS, regardless of whether these methods are performed by B/E, B/E's customers, or third parties.

4.    "ASSERTED PATENTS" shall refer to U.S. Patent Nos. 6,536,054, 6,536,055, and 6,353,942.

5.    "COMPLAINT" shall refer to the complaint filed by Plaintiff MAG Aerospace on August 20, 2013, against Defendant B/E in *MAG Aerospace Industries, Inc. v. B/E Aerospace, Inc.*, Central District of California Case No. CV13-06089.

6.    "DOCUMENT" or "DOCUMENTS" as used herein shall mean all handwritten, printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, assimilated, or made in any form that is or was in YOUR actual or constructive possession, custody, or control, whether the original, draft, carbon, photographic, or other copy, reproduction, or facsimile thereof, including, but not limited to, any and all documents as that term is defined in Rule 34 of the Federal Rules of Civil Procedure, records, files, writings, letters, minutes, correspondence, advertisements, publications, mailgrams, telegrams, electronic mail, bulletins, instructions, resolutions, charts, literature, work assignments, reports, presentations,

1    brochures, memoranda, notations of telephone or personal conversations or

2    conferences, telephone messages, transcripts, price lists, contracts, agreements,

3    checks, canceled checks, interoffice communications, calendars, Day-Timers,

4    diaries, logs, notes, notebooks, ledgers, cards, drafts, microfilm, microfiche,

5    circulars, pamphlets, studies, notices, summaries, books, invoices, graphs,

6    diagrams, photographs, data sheets, data compilations, computer data sheets,

7    information can be obtained or can be translated through detection devices into

8    reasonably useable form, and any other document, recording, tangible thing, or

9    photograph. The term "DOCUMENT(S)" shall also mean each copy which is not

10   identical to the original, or to any other identified copy, and all drafts and notes

11   (whether typed, handwritten, or otherwise) made or prepared in connection with

12   such DOCUMENTS, whether used or not.

13         7.    "EVAC" as used herein shall refer to "Evac International Oy, together

14   with all direct and indirect parent and subsidiary companies and companies with

15   which it shares common ownership or control."  This includes, but is not limited to

16   Envirovac, Inc.

17         8.    "IDENTITY" or "IDENTIFY" when used in conjunction with a

18   PERSON, shall refer to that PERSON's full name, employment title(s), current (if

19   known) or former address, and contact information for that PERSON, including

20   phone number(s).

21         9.    "MAG AEROSPACE" as used herein shall refer to MAG Aerospace

22   Industries, Inc. dba Monogram Systems, Zodiac Water & Waste Systems

23   ("ZWWS") or Zodiac Water & Waste Aero Systems ("ZWWAS").

24         10.    "PERSON" or "PERSONS" as used herein shall mean and include

25   natural persons, governmental entities and agencies, proprietorships, partnerships,

26   corporations, and all other forms of organization or association.

27         11.    "YOU," "YOUR," "B/E AEROSPACE," or "B/E" as used herein shall

28   refer to Defendant B/E Aerospace, including, but not limited to B/E Aerospace's

divisions, subsidiaries, past and present employees, past and present consultants, attorneys, agents, officers, directors, representatives, and shareholders of B/E, and ANY predecessor or successor-in-interest of B/E.

## **DEPOSITION TOPICS**

1.    The research, design, development, testing, engineering, and manufacture of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

2.    The marketing, advertisement, and sale of, including offers to sell, the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet and the associated vacuum waste systems.

3.    Servicing, repair, and maintenance of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

4.    The functionality of each of the assemblies and sub-assemblies of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

5.    The IDENTITY of customers who have purchased any of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

6.    The IDENTITY of customers for whom B/E has provided maintenance or repair services for any of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

7.    Agreements with customers relating to the sale, servicing, repair, and/or maintenance of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

8.    Revenue and profit relating to the sale, servicing, repair, and maintenance of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

9.    Sales volume relating to the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

10.    B/E's performance of the ACCUSED METHODS.

11.    The setting of prices for the ACCUSED PRODUCTS, including but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet including the associated vacuum waste systems.

12.    Revenue, costs, and profit relating to B/E's performance of the ACCUSED METHODS.

13.  Offers to sell and the sale of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet, for Boeing's 737 MAX aircraft.

14.  Offers to sell and the sale of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet, for Boeing's 737 NG aircraft.

15.  Offers to sell and the sale of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet, for Gulfstream's P42 aircraft.

16.  Offers to sell and the sale of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet, for Dassault's Falcon 5X aircraft.

17.  Offers to sell and the sale of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet, for Embraer's 450 and 550 aircraft.

18.  Offers to sell and the sale of B/E's lavatories and the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet, for Boeing's 777X aircraft.

19.  Products and services advertised or marketed in conjunction with the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

20.  B/E's knowledge of the ASSERTED PATENTS, including the circumstances of B/E's first awareness of each patent.

21.  B/E's actions to avoid infringement of the ASSERTED PATENTS, including attempts to design around the inventions of the ASSERTED PATENTS.

22.  Communications between B/E and third parties regarding the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

23.  Communications between B/E and third parties regarding the ACCUSED METHODS.

24.  Communications between B/E and third parties regarding the ASSERTED PATENTS.

25.  Communications between B/E and third parties regarding this lawsuit.

26.  Communications between B/E and third parties regarding MAG AEROSPACE.

27.  The identity of all B/E vacuum waste toilet systems.

28.  B/E's corporate structure, including the IDENTITY of PERSONS responsible for making decisions regarding the research, design, development, testing, engineering, manufacture, marketing, advertisement, and sale of the ACCUSED PRODUCTS, including, but not limited to, the

1    EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

2    29.    Mark Pondelick's employment history with B/E.

3    30.    Mark Pondelick's role in the research, design, development, testing, engineering, and manufacture of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

31.    Mark Pondelick's role in the marketing, advertisement, and sale of, including offers to sell, the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

32.    The role of any inventor of the ASSERTED PATENTS in the research, design, development, testing, engineering, or manufacture of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

33.    The role of any inventor of the ASSERTED PATENTS in the marketing, advertisement, or sale of the ACCUSED PRODUCTS, including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet.

34.    B/E's recruiting, soliciting, hiring, or extending offers of employment or consulting positions to current and former MAG AEROSPACE employees.

35.    B/E's recruiting, soliciting, hiring, or extending offers of employment or consulting positions to former EVAC employees.

36.    B/E's recruiting, soliciting, hiring, or extending offers of employment or consulting positions to any inventors of the ASSERTED PATENTS.

37.    The scope and nature of B/E's relationship with any inventors of the ASSERTED PATENTS.

38.    B/E's communications with any inventors of the ASSERTED PATENTS.

39.    The circumstances surrounding B/E's retention of any inventors of the ASSERTED PATENTS as litigation consultants in this lawsuit.

40.    The location(s) where the ACCUSED PRODUCTS including, but not limited to, the EcoSystem Vacuum Toilet and Agile Advanced Vacuum Toilet, are designed, tested, and manufactured.

41.    B/E's decision to establish manufacturing operations in Rockford, Illinois.

42.    B/E's allegations that the ASSERTED PATENTS are invalid.

43.    B/E's alleged prior art to the ASSERTED PATENTS.

44.    [Withdrawn]

45.    B/E's document retention and/or destruction policies and practices, including B/E's specific practices and policies for retaining, archiving, or otherwise saving or deleting employee and former employee e-mails.

46.     The reasons why and circumstances concerning B/E's inability to search and produce e-mails for Paul Neary and Robert Schafer.

1

**CERTIFICATE OF SERVICE**

2

    I, William E. Mosley, declare as follows:

3

    I am an employee in San Mateo County, the county in which the service

4

described below occurs.  My business address is 1080 Marsh Road, Menlo Park,

5

California 94025.  I am over the age of eighteen (18) years and am not a party to the

6

cause for which I am serving the document(s) named below.

7

    On August 8, 2014, I served the document entitled **MAG AEROSPACE**

8

**INDUSTRIES, INC.'S AMENDED NOTICE OF TAKING RULE 30(b)(6)**

9

**DEPOSITION OF B/E AEROSPACE, INC.** on the parties below as follows:

10

   _X_  BY ELECTRONIC MAIL:  I caused said documents to be sent via

11

electronic mail to the interested party at the following email listed below.  FRCP

12

Title II, §5(b)(2)(E).

13

**IRELL & MANELLA LLP**

14

Morgan Chu
MChu@irell.com

15

Andrei Iancu
AIancu@irell.com

16

Ben Haber

17

BHaber@irell.com

18

1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

19

Telephone: (310) 277-1010
Facsimile: (310) 203-7199

20

21

*Counsel for Defendant*
*B/E Aerospace, Inc.*

22

23

    I declare under penalty of perjury that the foregoing is true and correct and

24

that this declaration was executed on August 8, 2014, at Menlo Park, California.

25

DATED:   August 8, 2014

26

                By: */s/ William E. Mosley*

27

                    William E. Mosley

28