# EXHIBIT A

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7934
FACSIMILE (310) 556-5394
bhaber@irell.com

August 14, 2014

**VIA E-MAIL**

William E. Mosley, Esq.
Kilpatrick Townsend & Stockton LLP
1080 Marsh Road
Menlo Park, CA 94025
wmosley@kilpatricktownsend.com

Re:   *MAG Aerospace Industries, Inc. v. B/E Aerospace, Inc.*,
      Case No. 2:13-cv-06089-SJO-FFM

Dear Will:

I write in response to the letter we received from your colleague Matthew Holohan this morning regarding the deposition of Mr. Jean-Marc Monteiro, as well as the additional discussion we had on that subject during this morning's meet-and-confer.

As you know, MAG deposed Mr. Monteiro, B/E's 30(b)(6) designee on several topics relating to sales and marketing of B/E products, for nearly seven hours yesterday. Despite the fact that Mr. Monteiro provided hours of testimony responsive to the topics for which he was designated, MAG now appears to take the position that Mr. Monteiro was "grossly unprepared" and failed to address *any* of the topics for which he was designated.

As we stated this morning, B/E disagrees with MAG's characterization of Mr. Monteiro's testimony. Mr. Monteiro testified at length regarding his designated topics, as well as other topics in his personal capacity. If Mr. Monteiro's testimony was hampered at all, the problem lay with MAG's counsel's repeated refusal to clarify overly broad and vague questions (*e.g.*, "What more can you tell me today about the EcoSystem vacuum toilet other than it's a toilet?") and failure to provide Mr. Monteiro with specific documents Mr. Monteiro requested to aid his ability to respond to counsel's questions.  MAG's counsel repeatedly badgered the witness and made a number of inappropriate comments throughout the deposition, wasting significant amounts of Mr. Monteiro's time.  We sincerely hope that this conduct is not repeated in the future, and we reserve all rights.

Nevertheless, as we stated this morning, we are willing to work with MAG in good faith to address perceived deficiencies in Mr. Monteiro's testimony. We suggested, and at least one of MAG's counsel agreed, that it would be most productive for MAG to start the process by identifying specific questions and associated answers which MAG contends are deficient.

3112540

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

William E. Mosley, Esq.
August 14, 2014
Page 2

Then, B/E can consider the specific issues raised by MAG's complaints and identify an appropriate additional witness, if necessary.

You stated this morning that MAG intends to file an *ex parte* discovery motion requesting that the Court compel MAG to produce another witness, or to re-produce Mr. Monteiro, to testify in response to *all* of the 30(b)(6) topics for which Mr. Monteiro was designated. As we responded this morning, we think it would be premature, unproductive, and in violation of the Local Rules for MAG to file such a motion without first disclosing to B/E the grounds for that motion – *i.e.*, the specific deficiencies MAG has identified in Mr. Monteiro's testimony.

I urge you once again to reconsider your plan to file an *ex parte* motion requesting that B/E be compelled to produce another witness to testify in response to *all* of the numerous 30(b)(6) topics for which Mr. Monteiro was designated. It is simply inaccurate and unproductive to contend that the entirety of Mr. Monteiro's seven-hour deposition was insufficient. Please identify promptly the specific areas of Mr. Monteiro's testimony – with references to specific questions and answers – that you contend are deficient. We will then respond promptly and engage in good faith efforts to address your specific complaints, as appropriate.

Very truly yours,

*/s/ Ben Haber*

Ben Haber

cc: Emil Herich, Esq.
Erwin L. Cena, Esq.
Megan M. Chung, Esq.
Steven D. Moore, Esq.
(via email)

3112540