# EXHIBIT B

0.0 01

| | |
|---|---|
| **From:** | Rabbani, Melissa |
| **Sent:** | Tuesday, August 19, 2014 12:13 AM |
| **To:** | Holohan, Matthew; Haber, Benjamin; ~Mosley, Will; MAG v. B/E |
| **Cc:** | #BE/MAG [Int] |
| **Subject:** | RE: MAG v. B/E:  Deposition of Jean-Marc Monteiro |

Matt,

B/E opposes MAG's *ex parte* application, for at least the reasons set forth in Ben Haber's email below.  Please advise the Court in your filing that B/E opposes the application and intends to file a brief in opposition.

Best,
Melissa

**From:** Holohan, Matthew [mailto:mholohan@kilpatricktownsend.com]
**Sent:** Monday, August 18, 2014 5:37 PM
**To:** Haber, Benjamin; ~Mosley, Will; Rabbani, Melissa; MAG v. B/E
**Cc:** #BE/MAG [Int]
**Subject:** RE: MAG v. B/E: Deposition of Jean-Marc Monteiro

Dear Ben,
Your offer does not address most of the concerns that we documented in our email.  We provided extensive citations to the transcript in which Mr. Monteiro's answers were evasive and vague, Mr. Monteiro was unable or refused to provide testimony on numerous topics, and B/E's counsel improperly objected and coached the witness.  In return, you offer only 2 additional hours of deposition on a single topic.  Accordingly, your offer is not acceptable to resolve all of our concerns.  We do wish to take another deposition of B/E on contract-related issues, but will not waive our other complaints in exchange for that further deposition.  If B/E's offer to provide the contract-related deposition stands regardless of our position on other issues, please let us know when B/E's witness will be available; we further request that the follow-up deposition take place in Los Angeles.
 However, in view of the upcoming close of fact discovery and the plainly inadequate testimony that Mr. Monteiro gave last week we have no choice but to seek ex parte relief from the court on the other issues we have raised.  In particular, we will seek the following relief:
 1. An order that B/E produce Mr. Monteiro, or another witness, who is knowledgeable and prepared concerning the topics on which Mr. Monteiro failed to testify, for a further deposition.
2. An order that B/E's witness on these topics refrain from feigning ignorance concerning basic terms and concepts.
3. An order that B/E's counsel refrain from unnecessary interruptions and coaching objections.
4. An order that the time spent on Mr. Monteiro's deposition does not count against MAG's time limit for depositions.
5. An order that B/E pay MAG's fees and expenses in connection with the further deposition of B/E's Rule 30(b)(6) witness, under Fed. R. Civ. P. 30(d)(2) and Fed. R. Civ. P. 37(b)(2), since B/E's and its counsel's conduct was inappropriate.
We will file our ex parte application tomorrow morning.  If B/E is willing to agree to any of this relief after we file it, we are willing to continue to discuss these issues.
 Best regards,
Matt Holohan


-------- Original message --------
From: "Haber, Benjamin" <BHaber@irell.com>

Date:08/18/2014 4:20 PM (GMT-07:00)
To: "Mosley, Will" <wmosley@kilpatricktownsend.com>, "Rabbani, Melissa" <MRabbani@irell.com>, "MAG v. B/E" <MAGv.B/E@kilpatricktownsend.com>
Cc: "#BE/MAG [Int]" <#BE/MAG@irell.com>
Subject: RE: MAG v. B/E: Deposition of Jean-Marc Monteiro

Will,

Our review of MAG's complaints is hampered by MAG's failure to identify specific question-and-answers from Mr. Monteiro's deposition which MAG contends are lacking. B/E has reviewed the pages cited below and strongly disputes MAG's characterizations of the deposition's content. Specifically, the passages identified below demonstrate that Mr. Monteiro diligently attempted to answer questions that were hopelessly vague and complex, and in fact answered such questions as best as possible. If any problems exist, such problems are primarily the result of a lack of preparation and follow-up by the deposing attorney, as well as the deposing attorney's refusal to clarify his questions. If MAG disagrees, we ask again that you please identify the specific question-and-answers which MAG contends were not properly addressed.

Moreover, Mr. Monteiro responded fully to many other questions covering various topics not included in the pages MAG cites below.  His deposition is complete on virtually all topics assigned to him.

However, in order to resolve any remaining issues, B/E would be willing to appear for another deposition, that is to last no more than 2 additional hours, limited specifically to the contracts with customers that had not been produced before Mr. Monteiro's deposition, such as Alaska, GOL and Lufthansa.  One of the issues in this area is that some of these contracts still cannot be produced because we do not yet have approval from the relevant customers.  As a result, this additional deposition should occur after the issues regarding non-party confidential information under the Stipulated Protective Order have been resolved.

Finally, if you still do not believe that our offer resolves the issues, we stand ready to meet and confer regarding any specific question-and-answers which MAG still contends were within the scope of designated topics but the witness did not know the answer.

Regards,
Ben


**From:** Haber, Benjamin
**Sent:** Monday, August 18, 2014 12:15 PM
**To:** ~Mosley, Will; Rabbani, Melissa; MAG v. B/E
**Cc:** #BE/MAG [Int]
**Subject:** RE: MAG v. B/E: Deposition of Jean-Marc Monteiro

Will,

We are assessing these issues and discussing with the client. We will get back to you later today.

Thanks,
Ben


**From:** Mosley, Will [mailto:wmosley@kilpatricktownsend.com]
**Sent:** Friday, August 15, 2014 5:30 PM

2

**To:** Rabbani, Melissa; MAG v. B/E
**Cc:** #BE/MAG [Int]
**Subject:** RE: MAG v. B/E: Deposition of Jean-Marc Monteiro

Melissa,

Following up on our meet-and-confer on August 14, we write to identify areas on which Mr. Monteiro's testimony was deficient.  Broadly speaking, Mr. Monteiro failed to provide complete testimony on marketing, sales, offers for sale, contracts, and pricing-related topics.  These include at least Topic Nos. 2, 7, 11, and 13-19.

Exemplary pages from the rough transcript illustrating Mr. Monteiro's inability or refusal to testify concerning the topics at issue are provided below. MAG reserves the right to rely on additional examples of inadequate testimony should it be required to seek relief from the Court:

Marketing (topics 2, 13-19): 15-16 and 101-104

Sales and offers for sale (topics 2, 13-19): 35-38, 50-54, 63-64, 175-176, 182-183, 258, 260-261, and 267-268

Contracts (topic 7): 60-63, 73-78, 91-92, 130-131, 178-189, 191-196, 201-202, 254-258, and 266-269

Pricing (topic 11): 176-185 and 191-196

Further, Mr. Monteiro's inadequate testimony was aided by his feigning a lack of understanding of basic words used in the questions, and by repeated inappropriate coaching and speaking objections by B/E's defending counsel.

Please confirm by **12:00PM PT** on **Monday, August 18** that (1) B/E will produce a witness capable of testifying on all of the above topics, including answering the questions set forth in at least the pages above; (2) the witness will be defended appropriately; and (3) the deposition of such witness will not count against MAG's allotted hours for deposing fact witnesses. If B/E does not so confirm, MAG will seek relief from the Court.

Regards,

Will

**Will Mosley**
**Kilpatrick Townsend & Stockton LLP**
1080 Marsh Road | Menlo Park, CA 94025
office 650 324 6364 | fax 650 618 1895
wmosley@kilpatricktownsend.com | My Profile | vCard

---

**From:** Mosley, Will
**Sent:** Thursday, August 14, 2014 3:58 PM
**To:** 'Rabbani, Melissa'; MAG v. B/E
**Cc:** #BE/MAG [Int]
**Subject:** RE: MAG v. B/E: Deposition of Jean-Marc Monteiro

Melissa,

We stand by our position that Mr. Montiero was uncooperative and unprepared to testify regarding topics for which he was designated, a problem exacerbated by the improper speaking objections of defending counsel. Mr. Montiero's lack of preparation and refusal to offer testimony is evident from the transcript of that deposition. Nevertheless, MAG will identify as soon as possible specific examples of Mr. Montiero's deficient testimony, in addition to improper objections made by defending counsel, so that B/E may advise whether it will agree to provide further deposition testimony on those topics by a fully educated and cooperative witness without counting against our deposition hours limit.

Because of the impending close of fact discovery, however, if B/E does not quickly agree to produce Mr. Montiero again (or provide another witness who is prepared to testify about the topics for which he was designated) after MAG provides its examples, MAG will seek relief from the Court as appropriate, and reserves the right to do so by *ex parte* application.

Regards,

Will

**Will Mosley**
**Kilpatrick Townsend & Stockton LLP**
1080 Marsh Road | Menlo Park, CA 94025
office 650 324 6364 | fax 650 618 1895
wmosley@kilpatricktownsend.com | My Profile | vCard

---

**From:** Rabbani, Melissa [mailto:MRabbani@irell.com]
**Sent:** Thursday, August 14, 2014 3:27 PM
**To:** Mosley, Will; MAG v. B/E
**Cc:** #BE/MAG [Int]
**Subject:** MAG v. B/E: Deposition of Jean-Marc Monteiro

Counsel,

Please see the attached correspondence.

Best,
Melissa

**Melissa Sedrish Rabbani** | Associate
**Irell & Manella LLP**
1800 Avenue of the Stars | Los Angeles, CA 90067
Direct: (310) 203-7539 | Fax: (310) 282-5654
mrabbani@irell.com | www.irell.com

---------------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.
---------------------------------------------------------------------

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not

intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.