UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAG AEROSPACE INDUSTRIES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> B/E AEROSPACE, INC., <br><br>  Defendant. | No. CV 13-6089 SJO (FFMx) <br><br> ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO COMPEL DEPOSITION |

    A deposition is a judicial proceeding that should be conducted with the solemnity and decorum befitting its importance. Lawyers participating in depositions should comport themselves in a professional and dignified manner. When lawyers behave otherwise, it reflects poorly on the entire judicial process. The purpose of a deposition is for a witness to provide testimony under oath. The testimony may or may not be admissible at trial; nonetheless, the opposing party is entitled to ascertain the witness's knowledge, as imperfect and imprecise as that knowledge may be.

    Plaintiff has filed an *ex parte* motion that discloses troublesome behavior during a deposition. The Court has read the entire deposition transcript[1] and can only conclude that both the witness and his counsel do not fully grasp their legal obligations when

---

[1] The Court also has read and considered the other documents filed in support of and in opposition to the *ex parte* motion.

participating in judicial fact finding procedures.  For his part, the witness appears to have been highly evasive and unwilling to simply answer a question.  It strains credulity to take the witness's expressed inability to understand common terms such as "what," "sales," "marketing," "does," "have," "use," "offer," "involvement," "which," "communication," etc. at face value.  The witness started the train wreck of a deposition by asking counsel "to clarify" what he meant by such obvious words as "responsibilities" and "educational background."  Counsel soon hopped on the bandwagon and began interposing inappropriate objections that perfectly clear (albeit broad) questions were "vague."  Like a tag team, the witness would respond by asking plaintiff's counsel to "be more precise."  Counsel stepped up the attempt to disrupt any worthwhile examination by continually interposing inappropriate objections, "cluing" the witness to ask the questions to be rephrased, and wasting everyone's time trying to engage plaintiff's counsel in banter.  The witness responded in kind, by essentially refusing to answer any question if he was not "100% sure" of the answer.  Rather than testify as to what he did know, the witness kept telling plaintiff's counsel to ask someone who might know more. Both counsel and the witness seemed to confuse a broad question with one that need not be answered.  The end result was essentially a filibuster of an entire day of "testimony." The witness and his counsel may have taken some temporary pleasure in frustrating plaintiff's counsel's ability to obtain any information from the witness, but the judicial process and the public's perception of it suffers.

  The witness's counsel seems particularly oblivious to the realities of modern federal court litigation.  He should understand that, contrary to his gratuitous statement on the record, the Court does not have "the whole day" to deal with his antics.  On the contrary, numerous litigants with serious questions must await resolution of their legal issues while the Court wastes its time dealing with lawyers' behavioral problems.

  Therefore, based on the transcript of the deposition, and good cause appearing therefor, the Court GRANTS plaintiff's *ex parte* motion, as follows:

///

(1) Defendant is ordered to produce a 30(b)(6) witness who is prepared to testify as to the issues for which the witness who testified on August 13, 2014 was previously designated on or before August 29, 2014.

(2) Defense counsel shall not assert any objection during the deposition other than an objection based on (i) privilege, (ii) the assumption of facts that are, in good faith, disputed, or (iii) mischaracterization of the record. Any other objections will be preserved and shall not be waived even though they are not asserted. Specifically, counsel shall not assert any objection that a question is vague, lacks foundation, calls for hearsay, etc.

(3) While on the record, defense counsel shall not interrupt a question posed by plaintiff's counsel other than to assert an objection as permitted above.

(4) While on the record, counsel for both sides shall not engage in any banter with each other.

(5) The time expended on the record during the August 13, 2014 deposition shall not count against the time available to plaintiff's counsel.

(6) Defendant is ordered to reimburse plaintiff for the attorney fees and court reporter fees it incurred during the August 13, 2014 deposition and the attorney fees incurred in the preparation of the *ex parte* motion. Plaintiff is directed to file an itemization of the foregoing fees within 15 days. Defendant may file a response to the itemization within five days thereafter.

DATED: August 22, 2014

                                                  /S/ FREDERICK F. MUMM  
                                                  FREDERICK F. MUMM  
                                                  United States Magistrate Judge