1  KILPATRICK TOWNSEND & STOCKTON LLP
   Emil W. Herich (SBN 116783)
2  eherich@kilpatricktownsend.com
   9720 Wilshire Blvd.
3  Los Angeles, CA  90212
   Telephone: (310) 777-3730
4  Facsimile:  (310) 388-5364

5  KILPATRICK TOWNSEND & STOCKTON LLP
   Steven D. Moore (SBN 290875)
6  smoore@kilpatricktownsend.com
   Eighth Floor, Two Embarcadero Center
7  San Francisco, CA  94111
   Telephone: (415) 273-4741
8  Facsimile:  (415) 651-8510

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

                     WESTERN DIVISION
12 | MAG AEROSPACE INDUSTRIES, | CASE NO. 2:13-cv-06089-SJO-FFM
   | INC., a Delaware Corporation |
13 |                           | **MAG'S DECLARATION IN**
   |        Plaintiff,         | **COMPLIANCE WITH THE**
14 |                           | **COURT'S ORDER OF AUGUST 12,**
   | v.                        | **2014 (DKT. 95)**
15 |                           |
   | B/E AEROSPACE, INC., a Florida | **Judge: Hon. Frederick F. Mumm**
16 | corporation,              |
17 |        Defendant.         |

18

19

20

21

22

23

24

25

26

27

28

Plaintiff MAG Aerospace Industries, LLC ("MAG"), formerly known as MAG Aerospace Industries, Inc., respectfully submits the following declaration, served contemporaneously on Defendant, as provided by the Court's Order of August 12, 2014 (Dkt. No. 95) (the "Order").

By and through its undersigned counsel, MAG made reasonable efforts to obtain documents in each of the categories set out in the Order, and has produced relevant and responsive documents, as set out below:

**1.**   **Documents describing any valuation of or value attributed to EVAC's business units containing vacuum waste systems, its vacuum waste system product lines, or its intellectual property relating to vacuum waste toilets (including but not limited to the Asserted Patents), in connection with Zodiac's acquisition of EVAC.**

In response to MAG's inquiries about valuation of EVAC business units or intellectual property  relating to vacuum waste systems, Zodiac Aerospace explained that its predecessor, Zodiac, acquired shares of Evac Oy because it had a good fit with Zodiac's existing water and waste business in the Marine, Railway and Aerospace Industries.  The EVAC Oy transaction was conducted on an overall earnings basis of which the Marine business was the largest portion.  No specific valuation for EVAC vacuum waste systems, EVAC vacuum waste product lines, or intellectual property relating to EVAC vacuum waste toilets was conducted. Accordingly, MAG understands on the basis of its inquiries that Zodiac Aerospace was not able to provide MAG with any documents reflecting valuation relating to EVAC business units or intellectual property relating to vacuum waste toilets, as to the best of Zodiac Aerospace's knowledge, no such documents exist.

**2.**   **Documents mentioning or reflecting any valuation by Zodiac of MAG's patents relating to vacuum waste toilets, its intellectual property relating to vacuum waste toilets, and/or its vacuum toilet business line(s), including such documents relating to the acquisition of MAG.**

1       MAG understands on the basis of its inquiries that Zodiac Aerospace does

2  not have documents reflecting valuation of MAG's business, patents, or other

3  intellectual property relating to vacuum waste toilets, largely because the MAG

4  acquisition (which too was conducted by Zodiac Aerospace's predecessor Zodiac)

5  was also conducted on an earnings basis, without any valuation relating to vacuum

6  waste toilets.  Accordingly, MAG was not able to obtain documents reflecting

7  valuation by Zodiac of MAG's business, patents, or other intellectual property

8  relating to vacuum waste toilets.  To the best of MAG's knowledge, based on

9  MAG's inquiries of Zodiac Aerospace, no such documents exist.  The only

10 valuation of MAG patents (not limited to patents relating to vacuum toilets) of

11 which MAG is aware is a line item pertaining to MAG patents in past audit letters,

12 which MAG recently located and is producing contemporaneously with this filing.

13     3.    **Documents relating to any decision to discontinue operations at**

14 **EVAC's and/or MAG's former facility located in Rockford, Illinois.**

15      MAG consulted with Zodiac Aerospace, and conducted a thorough search of

16 records from the time period during which the Rockford facility was closed.  MAG

17 recently located and has produced a number of documents responsive to this

18 request.  MAG understands, on the basis of its inquiries, that Zodiac Aerospace is

19 unlikely to have additional relevant documents responsive to this request.

20     4.    **Documents sufficient to explain any and all reasons for the**

21 **decision to discontinue, suspend, or continue the production, manufacture,**

22 **and/or sales of the EnviroMax toilet upon or after Zodiac's acquisition of**

23 **EVAC.**

24      Likewise, MAG consulted with Zodiac Aerospace and conducted a thorough

25 search of all records from the relevant time period.  MAG was not able to locate

26 responsive documents and understands on the basis of its inquiries that Zodiac

27 Aerospace was not able to locate documents concerning any decision to

28 discontinue, suspend, or continue production, manufacture, or sales of the

1    EnviroMAX toilet.

2         5.    **Documents referencing or relating to B/E and involving either (i)**

3    **vacuum toilets; or (ii) the Asserted Patents and which are non-privileged and**

4    **created before August 20, 2013**.

5         In response to MAG's inquiries, Zodiac Aerospace explained that, to its

6    knowledge, the only nonprivileged documents that might contain reference to or

7    discussion of B/E and vacuum toilets or the Asserted Patents would be strategic and

8    operational presentations made by MAG to Zodiac Aerospace.  MAG has obtained

9    and is producing contemporaneously with this filing relevant portions of final

10   copies of the presentations to Zodiac Aerospace, created before August 20, 2013.

11        6.    **Documents referencing litigation between B/E and MAG or**

12   **Zodiac in the United States and which are non-privileged and created before**

13   **August 20, 2013.**

14        Likewise, in response to MAG's inquiries, Zodiac Aerospace explained that

15   the only nonprivileged documents that might contain reference to or discussion of

16   litigation between B/E and MAG or Zodiac in the United States created before

17   August 20, 2013 and relating in any manner to the present case or its subject matter

18   would be strategic and operational presentations to Zodiac Aerospace.  MAG has

19   obtained and is producing contemporaneously with this filing relevant portions of

20   final copies of the presentations to Zodiac Aerospace, created before August 20,

21   2013.

22        7.    **Licenses, if any, of the Asserted Patents.**

23        MAG has already produced all of its documents relating to licenses of the

24   asserted patents.  MAG understands from its inquiries that Zodiac Aerospace

25   believes it might have (duplicate) copies of these already-produced licenses but is

26   unaware of any other licenses.

27        **8.    Documents sufficient to describe sales or profits for MAG**

28   **Practicing Products.**

1    MAG understands on the basis of its inquiries that Zodiac Aerospace has

2  information about sales and profits for MAG vacuum toilets practicing the patents

3  at suit only insofar as the information has been communicated in the monthly

4  "reporting book" that MAG sends to Zodiac Aerospace.  Monthly reporting books

5  from the relevant time period are being produced by MAG contemporaneously with

6  this filing.  MAG has also produced other financial information more than

7  sufficient to describe sales or profits for MAG Practicing Products.

8    9.    **Documents sufficient to describe forecasts or projections of sales**

9  **or profits for MAG Practicing Products, including forecasts and/or projections**

10  **of sales or profits for future MAG vacuum toilet products that MAG intends**

11  **to incorporate, embody, or practice the subject matter claimed in the Asserted**

12  **Patents.  Forecasts or projections of sales or profits for present or planned**

13  **MAG vacuum toilets practicing the patents at suit**.

14    Likewise, MAG understands that Zodiac Aerospace has information about

15  forecasts or projections of sales and profits for MAG vacuum toilets practicing the

16  patents at suit only insofar as the information has been communicated in the

17  strategic and operational presentations and monthly "reporting book" that MAG

18  sends to Zodiac Aerospace.  Relevant portions of such presentations created before

19  August 20, 2013, and monthly reporting books from the relevant time period are

20  being produced contemporaneously with this filing by MAG.

21    I declare under penalty of perjury under the laws of the United States of

22  America that the foregoing is true and correct.

23    EXECUTED this 26th day of August, 2014 in San Francisco, California.

24

25    By:  */s/ Steven D. Moore*

Steven D. Moore (SBN 290875)

26  smoore@kilpatricktownsend.com

8th Floor, Two Embarcadero Center

27  San Francisco, CA  94111

Telephone: (415) 273-4741

28  Facsimile:  (415) 651-8510

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on

August 26, 2014, I filed a true and correct copy of the foregoing MAG's

Declaration in Compliance with the Court's Order of August 12, 2014 (Dkt. 95),

causing a copy to be served upon the following counsel of record:

**IRELL & MANELLA LLP**
Morgan Chu
MChu@irell.com
Andrei Iancu
AIancu@irell.com
Ben Haber
BHaber@irell.com
Christopher A. Vanderlaan
cvanderlaan@irell.com
Melissa Sedrish Rabbani
mrabbani@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

***Counsel for Defendant***
*B/E Aerospace, Inc.*


DATED:    August 26, 2014

By:*/s/ Steven D. Moore* _____
Steven D. Moore

5916986V.1

CERTIFICATE OF SERVICE